1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  ERIC MANFREDI, | )  Case No.: 1:13-cv-01907-JLT |
| 12            Petitioner, | )  ORDER REQUIRING PETITIONER TO SUBMIT |
| 13      v. | )  A MOTION TO AMEND THE PETITION TO NAME THE PROPER RESPONDENT |
| 14  DEPARTMENT OF CORRECTIONS OF THE STATE OF CALIFORNIA, | )  30-DAY DEADLINE |
| 15 | ) |
| 16            Respondent. | ) |
| 17 | ) |

18          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on November 21, 2013

20  challenging his 2011 conviction in the Tulare County Superior Court.  (Doc. 1).

21                           **PROCEDURAL HISTORY**

22          A.   Procedural Grounds for Summary Dismissal.

23          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

24          If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled
            to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
25          the petitioner.

26  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

27  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

28  or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed

                                        1

1  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

2  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

3        B.   Failure to Name A Proper Respondent.

4       A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

5  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

6  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

7  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

8  petitioner is the ***warden*** of the prison in which the petitioner is incarcerated because the warden has

9  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

10  1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the

11  chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894;

12  Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his

13  probation or parole officer and the official in charge of the parole or probation agency or state

14  correctional agency.  Id.

15       Here, Petitioner has named as Respondent the "Department of Corrections of the State of

16  California."   However, the Department of Corrections of the State of California is not the warden or

17  chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control

18  over Petitioner.  Petitioner is presently confined at the Pleasant Valley State Prison, Coalinga,

19  California.  The current director or warden of that facility, **P. D. Brazelton**, is the person Petitioner

20  should name as Respondent.

21       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

22  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

23  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

24  **However, the Court will give Petitioner the opportunity to cure this defect by amending the**

25  **petition to name a proper respondent, such as the warden of his facility**.  See West v. Louisiana,

26  478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975)

27  (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

28  Washington, 394 F.2d 125 (9th Cir. 1968) (same).  **In the interests of judicial economy, Petitioner**

1   *__need not__* **file an amended petition.  Instead, Petitioner can satisfy this deficiency in his petition by**

2   **filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein**

3   **Petitioner may name the proper respondent in this action.**

4       Accordingly, it is HEREBY ORDERED that:

5     1.  Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a

6         **Motion to Amend the Petition to Name a Proper Respondent** in compliance with this

7         Order.

8       Petitioner is forewarned that his failure to comply with this Order may result in an Order of

9   Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

10

11   IT IS SO ORDERED.

12     Dated:    **November 27, 2013**              **/s/ Jennifer L. Thurston**

13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28